IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Deborah Jones, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No.  2:22-cv-2080 |
| ) | |
| Midland Credit Management, Inc., a ) | |
| Kansas corporation, ) | |
| ) | |
|    Defendant. ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Deborah Jones, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff and Defendant reside here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Deborah Jones ("Jones"), is a citizen of the State of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed originally for a Synchrony Bank credit account.

4. Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

1

it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. MCM operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Kansas. In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant MCM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant MCM is authorized to conduct business in the State of Kansas and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant MCM conducts business in Kansas.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed for a Synchrony Bank credit card account. Sometime after the debt went into default, it was allegedly purchased/obtained by Defendant, who then attempted to collect this debt from her via negative credit reporting. Moreover, Defendant also attempted to collect the Synchrony Bank account by filing a lawsuit against Ms. Jones, in a matter styled, Midland Credit Management, Inc. v. Deborah Jones, No. 21LA08128, (Johnson County, Kansas).

8. On December 2, 2021, Ms. Jones had her attorneys set forth, in her answer and affirmative defenses to Defendant's state court lawsuit on the Synchrony

Bank debt, that she disputed the Synchrony Bank debt it was trying to collect. A copy of Ms. Jones's Answer and Affirmative Defenses is attached as Exhibit B.

9. On February 21, 2022, Ms. Jones obtained and reviewed copies of her TransUnion and Equifax credit reports, which showed that Defendant had continued to report the debt she allegedly owed, but had failed to note that the debt was disputed. The pertinent parts of Ms. Jones's TransUnion and Equifax credit reports are attached as Group Exhibit C.

10. Plaintiff's credit reports were viewed by additional potential creditors after she had sent her dispute of the debt to Defendant.

11. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit reports harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Jones. Moreover, Defendant's violations of the FDCPA impacted Plaintiff's credit score and her credit reputation, and her credit reports were later viewed by additional potential creditors.

12. Furthermore, § 1692e (8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law fraud principle that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely that the debt is disputed.

3

13. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Kalebaugh v. Berman & Rabin, P.A., 43 F.Supp.3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan 2016).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False or Misleading Representation

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see, 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate that a disputed debt is disputed …"); see also, Evans v. Portfolio Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

17. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

18. Defendant's violations of § 1692e(8) of the FDCPA render it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA –
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

21. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, debts, in violation of § 1692f of the FDCPA.

22. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Deborah Jones, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Jones, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deborah Jones, demands trial by jury.

                                                  Deborah Jones,

                                                  By: /s/ Ryan M. Callahan
                                                  One of Plaintiff's Attorneys

                                                  By: /s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: February 23, 2022

Ryan M. Callahan    (#25363)
James R. Crump    (#78704)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
ryan@callahanlawkc.com
james@callahanlawkc.com

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com